IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN BROWN,

      **Plaintiff,**

v.                                            Case No. 04-2291-JWL

JOHN L. BAEKE, JR., MD, and
JACLYN F. VOIGHT, CRNA, MS,

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff John Brown filed the complaint in this case on June 24, 2004, and the record reflects that defendants John L. Baeke, Jr. and Jaclyn F. Voight have not yet been served. On December 17, 2004, plaintiff filed a motion for extension of time to effect service (doc. 5). Defendant Baeke responded and moved the court to dismiss this case for insufficiency of service of process (doc. 7). For the reasons explained below, the court will grant plaintiff's motion and allow plaintiff an extension of time to serve defendants on or before **February 14, 2005**. The court will consequently deny defendant Baeke's motion as moot.

Rule 4(m) of the Federal Rules of Civil Procedure provides in relevant part:

If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Under this rule, the court employs a two-step analysis. *Espinoza v. United States*, 52 F.3d 838, 841 (10th Cir. 1995). First, the plaintiff is entitled to a mandatory extension of time if the plaintiff demonstrates good cause for failing to timely effect service. *Id.* Second, if the plaintiff fails to show good cause, the court may exercise its discretion and either dismiss the case without prejudice or extend the time for service. *Id.*; *see also* Fed. R. Civ. P. 4 advisory committee notes to the 1993 amendments to subdivision (m) ("The new subdivision . . . authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown.").

Thus, the court must first inquire whether plaintiff is entitled to a mandatory extension of time. Rule 4(m) does not define good cause. The Tenth Circuit has interpreted the phrase narrowly, rejecting inadvertence, neglect, mistake of counsel, or ignorance of the rules as good cause for untimely service. *In re Kirkland*, 86 F.3d 172, 174-76 (10th Cir. 1996). Plaintiff's counsel candidly concedes that the circumstances of this case do not rise to the level of demonstrating good cause sufficient to warrant a mandatory extension of time. He explains that the clerk's office issued the summonses and they were returned to his office attached to the complaint. His support staff received the documents, placed them all in the case file, and made no effort to effect service. Since that time, plaintiff's counsel has communicated with opposing counsel in writing and by telephone about discovery. He did not realize that service had not been effected until the court contacted him on December 16, 2004. The next day, plaintiff filed the current motion in which he seeks a permissive extension of time to effect service.

2

The court will consider, then, whether a permissive extension of time is warranted. Plaintiff argues that the fact that refiling would be barred by the statute of limitations is a factor that weighs against dismissal. *See Espinoza*, 52 F.3d at 842 (noting the court should consider "whether the applicable statute of limitations would bar the refiled action"; quoting Fed. R. Civ. P. 4 advisory committee notes to the 1993 amendments). This is a medical malpractice claim for which the statute of limitations is two years. *See* K.S.A. § 60-513(a)(7). Plaintiff's complaint reflects that this lawsuit arose from events that transpired on or about October 25, 2000, to October 27, 2000. Plaintiff originally filed suit against defendants in this court on October 17, 2002, which would have been within the applicable two-year statute of limitations. *See Brown v. Baeke*, Case No. 02-2532, Compl. (doc. 1). That case was voluntarily dismissed without prejudice on May 27, 2004, subject to conditions on refiling. One of those conditions was that the dismissal without prejudice would be converted into a dismissal with prejudice if plaintiff did not refile the case within thirty days. Plaintiff refiled this case on June 24, 2004, which was within thirty days, and therefore the dismissal of the original case was without prejudice. Consequently, the Kansas saving statute tolled the running of the statute of limitations. *See* K.S.A. § 60-518. If this court dismisses the case again, however, plaintiff probably would not be able to claim the benefit of the saving statute a second time. *See Clanton v. Estivo*, 26 Kan. App. 2d 340, 344, 988 P.2d 254, 257-58 (1999) (holding a plaintiff is limited to a single use of the savings statute after the statute of

3

limitations has run).[1] Thus, plaintiff's concern that he would be barred from refiling this action appears to be well founded, and the court is persuaded that this concern weighs in favor of granting plaintiff a permissive extension of time to serve defendant rather than dismissing the case.

Defendant Baeke nonetheless argues that plaintiff should not be granted an extension of time because the procedural background of the two cases reflects that they have been little more than one mistake by plaintiff compounding previous mistakes. Somewhat restated, the argument is essentially that defendant Baeke will suffer prejudice if the court continues to grant plaintiff latitude with respect to these types of matters. Brian F. McCallister was plaintiff's original counsel in the first case. After Mr. McCallister filed plaintiff's expert witness designations, his associate, Joseph P. Masterson, entered his appearance and apparently was entrusted with the task of mustering experts in the case. Defendants deposed one of plaintiff's experts, James Mallow, M.D., on July 18, 2003, and facts became known at that time which should have alerted Mr. Masterson to the fact that Dr. Mallow was not going to qualify as an expert. Sometime prior to October 13, 2003, another of plaintiff's experts told Mr. Masterson that he could not serve as an expert in the case due to a perceived conflict

---

[1] It has been suggested that the Kansas Court of Appeals' holding in *Clanton* might not apply when the third suit is filed within six months of dismissal of the original suit. *See generally Taylor v. Casey*, 182 F. Supp. 2d 1096 (D. Kan. 2002). This potential distinction is immaterial in this case because it has been more than six months since the original suit was dismissed and therefore the third suit would necessarily have to be filed outside of the six-month window of the saving statute. Accordingly, the appeals court's holding in *Clanton* would likely apply here.

of interest. At that point, Mr. Masterson should have known that plaintiff had no qualified expert witness to testify as to standard-of-care issues. Mr. McCallister subsequently terminated Mr. Masterson. Mr. McCallister permitted defendants to depose plaintiff's remaining two expert witnesses in March of 2004. In April of 2004, defendant Baeke moved for summary judgment on the ground that plaintiff had no standard-of-care expert. The court convened a telephone status conference on May 4, 2004, to discuss a variety of pending motions relating to plaintiff's lack of qualified experts. During that conference, Mr. McCallister conceded that plaintiff would not have the necessary experts at trial and attributed the circumstances to grave personal problems that had impacted Mr. Masterson's performance. Two days later, Mr. McCallister moved to voluntarily dismiss the case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2). The court granted that motion on May 27, 2003, imposing a number of conditions on plaintiff's refiling of the case. Plaintiff subsequently appealed that order and, as explained previously, refiled the case.

The court is not entirely without sympathy for defendants. They have been forced to defend two lawsuits that have been prosecuted less than perfectly, to say the least. Nonetheless, the court finds that any prejudice defendants will ultimately suffer is negligible largely because of the curative conditions that the court imposed in conjunction with plaintiff's voluntary dismissal of the first case. Among these were the following requirements: plaintiff was required to designate two experts on standard of care and causation within thirty days of refiling and make his experts available for deposition within ninety days of refiling; discovery and the pretrial order from the prior case would be carried over to the new case upon refiling;

5

plaintiffs would be required to pay defendants for a number of items such as costs of transcription for depositions, expenses and fees relating to plaintiff's new experts, reimbursing defendant Baeke for time lost due to cancelling patients for days that he had set aside for trial, and reasonable attorneys' fees incurred by defendants relating to various motions and the May 4, 2004, conference call.  Additionally, the court is unpersuaded that defendant Baeke has suffered any prejudice by virtue of plaintiff's failure to effect service of process in this case. It is undisputed that counsel for defendant Baeke has known for quite some time that plaintiff refiled this lawsuit within the thirty-day time limit for refiling.

In sum, then, the court finds that the fact that dismissal would likely bar plaintiff from refiling his claims outweighs any prejudice that defendants might suffer by plaintiff's delay in service, particularly in light of the curative conditions that the court imposed in conjunction with plaintiff's voluntary dismissal of the first case.  Under these circumstances, the court exercises its discretion and grants plaintiff a permissive extension of time to effect service of process on defendants on or before **February 14, 2005**.


**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's motion for an extension of time to effect service (doc. 5) is granted.  Plaintiff is granted until on or before **February 14, 2005**, to effect service of process on defendants.  Defendant Baeke's motion to dismiss (doc. 7) is denied as moot.


**IT IS SO ORDERED** this 2nd day of February, 2005.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge