## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

JOHN BROWN,

                Plaintiff,

v.                                  Case No. 04-2291-JWL

JOHN L. BAEKE, JR., MD, and
JACLYN F. VOIGHT, CRNA, MS,

                Defendants.

_____

## MEMORANDUM AND ORDER

This is a medical malpractice lawsuit by plaintiff John Brown against defendants John L. Baeke, Jr., M.D. and Jaclyn F. Voight, DRNA, M.S. This matter is presently before the court on defendants' motions to dismiss or, in the alternative, for summary judgment (docs. 13 & 17) based on the statute of limitations. The statute of limitations has expired, but the parties dispute whether plaintiff is entitled to the benefit of the six-month savings statute under Kansas law. For the reasons explained below, the court finds that defendants were not served and consequently this action was not commenced under Kansas law until at least February 3, 2005, which was well beyond the six-month savings period. Accordingly, plaintiff's claims are barred by the statute of limitations and defendants' motions are granted.

**FACTUAL BACKGROUND**

The parties largely agree on the facts underlying their dispute. They agree that this is a medical malpractice lawsuit for which the statute of limitations under Kansas law is two years, *see* K.S.A. § 60-513(a)(7), and that the statute of limitations expired before this lawsuit was filed. Specifically, this lawsuit arose from events that transpired on or about October 25, 2000, to October 27, 2000, and the fact of injury was reasonably ascertainable around that same time period. This lawsuit was not filed until June 24, 2004, which was well beyond the two-year statute of limitations. The parties also agree that plaintiff filed a prior lawsuit against defendants on October 17, 2002, which was within the two-year statute of limitations. That lawsuit was dismissed without prejudice on May 27, 2004, subject to conditions on refiling. This lawsuit was filed on June 24, 2004, and the parties agree that plaintiff is entitled to the benefit of the six-month savings statute under Kansas law, K.S.A. § 60-518, if this lawsuit is deemed to have been "commenced" under Kansas law within six months after the first lawsuit was dismissed. This would mean that this lawsuit must have been commenced on or before November 27, 2004, in order for plaintiff to be entitled to the benefit of the savings statute.

The parties' point of disagreement is whether plaintiff is entitled to the benefit of the six-month savings statute. Defendants contend that the savings statute does not apply because plaintiff failed to effect service of process on defendants—indeed, plaintiff failed to even attempt to serve defendants—until at least February 3, 2005, and consequently this lawsuit was not deemed to have been "commenced" under Kansas law within the six-month savings statute. As explained in a prior Memorandum and Order by this court, when plaintiff filed the

2

complaint in this case the clerk issued the summonses and those summonses were returned to plaintiff's counsel's office attached to the complaint. *Brown v. Baeke*, No. 04-2291-JWL, 2005 WL 309940, at *1 (D. Kan. Feb. 2, 2005). Plaintiff's counsel's support staff received the documents, placed them in the case file, and made no effort to effect service. *Id.* Plaintiff's counsel did not realize that service had not been effected until the court contacted him on December 16, 2004. *Id.* He promptly sought a permissive extension of time to effect service pursuant to Fed. R. Civ. P. 4(m) and on February 2, 2004, the court granted plaintiff the requested extension of time to serve defendants. *Id.* at *3. The next day, on February 3, 2005, plaintiff served defendant Voight and attempted to serve defendant Baeke.[1]

In response, plaintiff contends that he should be granted an extension of time under K.S.A. § 60-203(b) to cure the defective service and also that the filing of an entry of appearance has the same effect as service under K.S.A. § 60-203(c). Plaintiff's primary argument, though, is that the court should equitably toll the statute of limitations due to defense counsel's active participation in this case notwithstanding plaintiff's failure to effect service of process. Plaintiff points out that plaintiff's counsel communicated with opposing counsel in writing and by telephone about discovery in this case. In this respect, on June 25, 2004, and June 28, 2004, defendants filed statements in the first-filed case regarding their anticipated duplicate attorneys' fees to be incurred in this second-filed case. Defendant Baeke's statement included a half hour for reviewing and answering the re-filed complaint in

---

[1] Defendant Baeke contends that plaintiff's attempted service of process on him on February 3, 2005, was insufficient.

3

this case.   On July 23, 2004, plaintiff's counsel delivered to defense counsel designations of expert witnesses in this case.   On August 19, 2004, plaintiff made efforts with defendant Baeke's counsel to make his newly designated experts available for deposition.   On September 17, 2004, one of the plaintiff's attorneys confirmed the defendant's decision not to depose the plaintiff's experts and possibly stay these proceedings until after the Tenth Circuit's decision on the appeal of the first-filed case.   On December 5, 2004, defendant Baeke's counsel communicated in writing with plaintiff's counsel about the desire to stay proceedings in this case pending the outcome of the appeal in the previously filed case.   Plaintiff contends that this amounts to more than just awareness of a lawsuit; it rises to the level of active participation and therefore the court should equitably toll the statute of limitations and find that plaintiff is entitled to the benefit of the savings statute.

As a procedural matter, defendant Baeke has moved the court to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(2), (5), or (6) or, alternatively, for summary judgment under Rule 56.[2]   Defendant Voight has moved the court to dismiss plaintiff's complaint under Rule 12(b)(6).   The parties' arguments largely center around matters contained elsewhere in the record in this case as well as the previously filed case.

---

[2]   Defendant Baeke previously filed a Rule 12(b)(5) motion and therefore he has waived his right to subsequently file a Rule 12(b)(2) or (6) motion, *see* Fed. R. Civ. P. 12(g), (h)(2), and the court declines to resolve his re-asserted 12(b)(5) insufficiency of service of process argument because regardless of whether defendant Baeke was effectively served on February 3, 2005, plaintiff is not entitled to the benefit of the savings statute for the reasons explained herein.

Additionally, plaintiff's arguments in response to defendants' motions rely on one exhibit.[3] Given the parties' presentation of matters outside the pleadings, then, along with the fact that it is clear to the court that the parties have addressed this issue in full by submitting the evidence that they believe to be relevant to this issue, the court will analyze both motions under summary judgment standards. *See Lowe v. Town of Fairland*, 143 F.3d 1378, 1382 (10th Cir. 1998) ("A motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings. Fed. R. Civ. P. 12(b)(6). As Defendants recognize, courts have broad discretion in determining whether or not to accept materials beyond the pleadings.").

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In applying this standard, the court views the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Spaulding v. United Transp. Union*, 279 F.3d 901, 904 (10th Cir. 2002). A fact is "material" if, under the applicable substantive law, it is "essential to the proper disposition of the claim." *Wright ex*

---

[3] Defendant Baeke submitted two unpublished cases as exhibits to his reply brief. While the court appreciates counsel's attention to detail, counsel may wish to note for future reference that this court's local rules no longer require parties to furnish the court with unpublished decisions that are readily available via electronic means such as Westlaw or NEXIS. *See* D. Kan. Rule 7.6(b).

*rel. Trust Co. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231-32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).  An issue of fact is "genuine" if "there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way."  *Adler*, 144 F.3d at 670 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

The moving party bears the initial burden of demonstrating an absence of a genuine issue of material fact and entitlement to judgment as a matter of law.  *Spaulding*, 279 F.3d at 904 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)).  In attempting to meet that standard, a movant that does not bear the ultimate burden of persuasion at trial need not negate the other party's claim; rather, the movant need simply point out to the court a lack of evidence for the other party on an essential element of that party's claim.  *Adams v. Am. Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671).

Once the movant has met this initial burden, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial."  *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *see also Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324.  The nonmoving party may not simply rest upon its pleadings to satisfy its burden.  *Anderson*, 477 U.S. at 256; *Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).  Rather, the nonmoving party must "set forth specific facts that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."  *Mitchell v. City of Moore*, 218 F.3d 1190, 1197-98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671).  To accomplish this,

6

the facts "must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein." *Adams,* 233 F.3d at 1246.

Finally, the court notes that summary judgment is not a "disfavored procedural shortcut"; rather, it is an important procedure "designed 'to secure the just, speedy and inexpensive determination of every action.'" *Celotex*, 477 U.S. at 327 (quoting Fed. R. Civ. P. 1).

## ANALYSIS

For the following reasons, the court finds that this action was not commenced under Kansas law until at least February 3, 2005, which was more than six months after the first-filed action was dismissed and consequently plaintiff is not entitled to the benefit of the Kansas savings statute. Additionally, the court finds plaintiff's equitable tolling argument to be without merit. Accordingly, defendants' motions are granted.

The Kansas savings statute provides as follows: "If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff . . . may commence a new action within six (6) months after such failure." K.S.A. § 60-518. In this case, the parties dispute whether this case was commenced under Kansas law within six months after the first lawsuit was dismissed. "It is a well-settled rule that a federal court sitting pursuant to diversity jurisdiction cannot give a state common law cause of action a longer life in federal court than it would have had if the case had been filed in state court." *Avalos v. Ranch Mart Auditorium*, No. 96-2271-JWL,

7

1997 WL 94227, at *1 (D. Kan. Jan. 31, 1997).   Therefore, in order to determine the commencement date of plaintiff's cause of action for purposes of determining whether an action is time barred, the court must look to Kansas law.  *Id.*

In Kansas, the commencement of actions is governed by K.S.A. § 60-203.  The general rule stated in § 60-203(a) is that an action is commenced as of the date of filing if service of process is obtained within 90 days thereafter or within 120 days thereafter if the court grants plaintiff a 30-day extension.  K.S.A. § 60-203(a)(1).  If service of process is not made within that 90- or 120-day period (depending upon whether the court has granted the plaintiff a 30-day extension), the action is commenced at the time service of process is made.  *Id.* § 60-203(a)(2).  Plaintiff's complaint in this case was filed on June 24, 2004, and defendants were not served until at least February 3, 2005, which was more than seven months after suit was filed and well beyond the 90- or 120-day period.  Therefore, this action was commenced under Kansas law no earlier than February 3, 2005.  This was more than eight months after the first lawsuit was dismissed and hence beyond the six-month savings period of K.S.A. § 60-518.  *See, e.g.*, *Burnett v. Perry Mfg., Inc.*, No. 92-4187-DES, 1994 WL 116323, at *1-*4 (D. Kan. Mar. 15, 1994) (plaintiff's second action was not commenced for purposes of the savings statute within six months of dismissal of the first action because the defendant was served at least 94 days after the second action was filed; the plaintiff had failed to effect service within 90 days and had not been granted a 30-day extension to do so).

Plaintiff nonetheless argues that under K.S.A. § 60-203(b) he should be granted an extension of time after the service has been adjudicated invalid in which to cure the defect, in

8

which case this action may be commenced at the time of filing.  Section 60-203(b) states as follows:

> If service of process . . . purports to have been made but is later adjudicated to have been invalid due to any irregularity in form or procedure or any defect in making service, the action shall nevertheless be deemed to have commenced at the applicable time under subsection (a) if valid service is obtained . . . within 90 days after that adjudication, except that the court may extend that time an additional 30 days upon a showing of good cause by the plaintiff.

Plaintiff's argument under this provision is without merit for two reasons.  First, this provision, by its plain language, only applies to service of process that "purports to have been made but is later adjudicated to have been invalid."  In this case, plaintiff has admitted that he never even attempted to serve defendants until February 3, 2005.  Thus, there is no previous purported attempt at service.  Second, plaintiff's argument that belated service under this provision can relate back to the date of filing is erroneous.  This provision states that belated service only relates back to the "applicable time under subsection (a)."  In this case, as explained previously, the applicable time under subsection (a) is no earlier than February 3, 2005.  In this respect, the only conceivable benefit that plaintiff could gain from § 60-203(b) is that if the court were to find that plaintiff's purported service on defendant Baeke on February 3, 2005, was invalid, the court could grant plaintiff an additional 90 days to effect valid service on defendant Baeke. But, even then, the subsequent date of service would only relate back to the first attempted date of service and therefore the action would be deemed to have been commenced on February 3. Again, this would be more than eight months after the first lawsuit was filed and therefore would not help plaintiff obtain the benefit of the savings statute.

Plaintiff also argues that "[t]he filing of an entry of appearance shall have the same effect as service."   K.S.A. § 60-203(c).   This argument is without merit for the simple reason that counsel for defendants have never filed entries of appearance in this case.   In fact, the first document filed by either defendant in this case was a motion to dismiss filed by defendant Baeke on January 3, 2005.   Even if this motion could be regarded as an entry of appearance (plaintiff has cited no Kansas case law in support of this theory and the court knows of none), it was filed well beyond the November 27, 2004, deadline for commencement of this lawsuit in order for plaintiff to be able to claim the benefit of the savings statute.

Lastly, plaintiff urges the court to equitably toll the statute of limitations.   Under Kansas law, "[t]he doctrine of equitable estoppel has been frequently used to prevent a defendant from relying on the statute of limitations as a defense where the defendant's fraudulent or wrongful conduct has caused the plaintiff not to file suit within the period of the statute of limitations." *Robinson v. Shah*, 23 Kan. App. 2d 812, 832, 936 P.2d 784, 798 (1997).   This theory is grounded in the principle that someone who has prevented the plaintiff from filing suit within the statute of limitations should not be allowed to assert the statute of limitations as a defense. *Id.* at 829, 936 P.2d at 796.   A party asserting equitable estoppel must show that another party, by its acts, representations, admissions, or silence when it had a duty to speak, induced it to believe certain facts existed, and it rightfully relied and acted upon such belief and would not be prejudiced if the other party were permitted to deny the existence of such facts. *Rockers v. Kansas Turnpike Auth.*, 268 Kan. 110, 116, 991 P.2d 889, 894 (1999).

Here, plaintiff's equitable estoppel argument is premised on the fact that defendants' attorneys knew that plaintiff had re-filed this lawsuit because they filed statements in the first-filed case regarding anticipated duplicate attorneys' fees to be incurred in this case and defendant Baeke's statement included one-half hour for reviewing and answering the re-filed complaint in this case, plaintiff's counsel served defendants with expert designations, plaintiff's counsel made efforts to make the newly designated experts available for depositions, and counsel for defendant Baeke told counsel for plaintiff that he had decided not to depose plaintiff's experts until the court had resolved the issue regarding payment of fees from the first-filed case and it seemed to be in everyone's best interest to await the Tenth Circuit's decision on the appeal of the first-filed case.  Plaintiff contends that this amounts to more than just awareness of a lawsuit; it rises to the level of active participation.

The court is unpersuaded that these facts warrant application of the doctrine of equitable estoppel under Kansas law.  In *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 991 P.2d 889 (1999), the Kansas Supreme Court rejected the plaintiff's argument that the defendant was estopped from raising a statute of limitations defense.  *Id.* at 116-19, 991 P.2d at 894-96.  In *Rockers*, plaintiff's counsel had contacted defense counsel and informed defense counsel that the plaintiff was prepared to file a petition against the defendant but that the plaintiff first needed to give notice as required by K.S.A. § 12-105b for claims against municipalities.  *Id.* at 117, 991 P.2d at 895.  Defense counsel did not tell plaintiff's counsel that notice under § 12-105b was unnecessary, but instead named the person to be served and requested that he receive a copy of the notice as well.  *Id.*  Plaintiff's counsel later argued that because defense

11

counsel provided the name of the person to serve, plaintiff's counsel was affirmatively misled to believe that he was required to give notice under § 12-105b rather than filing a lawsuit within the statute of limitations. *Id.* at 118, 991 P.2d at 895. The court rejected the notion that estoppel was appropriate under these circumstances. The court reasoned that estoppel by silence involves silence as to material knowledge "not held by the other" and, in that case, the material that plaintiff's counsel complained about not receiving did not consist of material facts or knowledge known only to the defendant. *Id.* at 118, 991 P.2d at 895. Rather, the fact that the defendant had always been regarded as an arm or instrumentality of the state and never a municipality subject to the notice provision of § 12-105b consisted of facts and legal information that was equally available to both parties. *Id.* at 118, 991 P.2d at 895-96. The court explained that the defendant

> had no duty to speak, it did not assert that notice was required, and it did not affirmatively mislead the attorney as to material knowledge held only by the [defendant]. The attorneys for each side are responsible to their respective clients for researching the law and drawing their own conclusions regarding the applicability of the notice statute. A party cannot base a claim of estoppel on its own acts or omissions induced by the party's own conduct.

*Id.* at 118-19, 991 P.2d at 896; s*ee also, e.g.*, *Moore v. Luther ex rel. Luther*, 291 F. Supp. 2d 1194, 1203-04 (D. Kan. 2003) (dismissing plaintiffs' claims based on the statute of limitations; declining to apply equitable estoppel because of the plaintiff's lack of diligence); *cf.* 51 Am. Jur. 2d *Limitation of Actions* §§ 174, 177, at 563, 565 (2000) (explaining that the statute of limitations may be equitably tolled if "necessary to prevent unfairness to a diligent plaintiff" but not "if the claimant has failed to exercise due diligence in preserving his or her

12

legal rights, whether the delay is attributable to the plaintiff's attorney, the plaintiff's excusable neglect, or the plaintiff's lack of legal knowledge" (footnotes omitted)).

The facts of this case are in all material respects like those in *Rockers*. Plaintiff's counsel had several communications with defense counsel about the case and therefore arguably may have been misled to believe that defendants had been served with process. Significantly, however, in this case as in *Rockers*, notwithstanding the communications between the attorneys, plaintiff does not point to any communication from which a reasonable trier of fact could find that defense counsel specifically told plaintiff's counsel that the defendants had been served. In fact, plaintiff concedes that he is not arguing that counsel for defendants are guilty of any wrongdoing. Absent an affirmative representation by defense counsel that defendants had been properly served, then, plaintiff's claim of estoppel must be based on defense counsel's silence on this matter. Under *Rocker*, however, estoppel by silence only applies to material knowledge "not held by the other." 268 Kan. at 118, 991 P.2d at 895. In this case, counsel for defendants were silent regarding a matter (lack of service of process on defendants) that was equally ascertainable by plaintiff's counsel. The failure to timely effect service of process was solely attributable to plaintiff's counsel's admitted oversight. If plaintiff's counsel had acted with diligence on this matter sooner he would have discovered that the summonses and complaints were still in his file and had not been served on defendants. Accordingly, the court finds that application of equitable estoppel under the facts of this case is unwarranted under Kansas law. Plaintiff is therefore not entitled to the benefit of the six-month savings statute and his claims are barred by the statute of limitations.

13

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motions to dismiss or, alternatively, for summary judgment (docs. 13 & 17) are granted.   This case is dismissed.


**IT IS SO ORDERED** this 10th day of May, 2005.


s/ John W. Lungstrum
John W. Lungstrum
United States District Judge